### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY ANAYA and** **SHEILA R. ANAYA,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 22-cv-2188-JAR-TJJ** |
| **NEWREZ LLC D/B/A SHELLPOINT** **MORTGAGE SERVICING,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

On September 24, 2021, Plaintiffs Terry Anaya and Sheila R. Anaya filed a *pro se* lawsuit against Defendant NewRez LLC d/b/a/ Shellpoint Mortgage Servicing ("Shellpoint") in the district court of Leavenworth County, Kansas, alleging that Shellpoint reported a bankruptcy-discharged debt on their credit report and as a result, they were denied a loan to buy property. Shellpoint removed the action to the District of Kansas on May 23, 2022.[1]

Before the Court is Shellpoint's "Dismissal Motion" (Doc. 11) under Fed. R. Civ. P. 12(b)(6). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Shellpoint's motion with leave to amend.

### I.   Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above a speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2]  "[T]he complaint

---

[1] Doc. 1.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[6] "

The Supreme Court has explained the analysis as a two-step process.  First, the court must determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged."[9]

Since Plaintiffs are *pro se* litigants, the Court must construe their pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10]  If a *pro se* plaintiff's

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[7] *Iqbal*, 556 U.S. at 679.

[8] *Id.*

[9] *Id.* at 678.

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[11]  *Pro se* litigants are still obligated to "comply with the fundamental requirements of the Federal Rules of Civil Procedure."[12]

## II.   Background

The following facts are taken from Plaintiffs' complaint and assumed to be true for the purpose of deciding this motion.  Plaintiffs obtained a bankruptcy discharge of all debt owed to Green Tree Financial on June 4, 2009.  They contend that unspecified defendants "reported adverse and not lawful statements to all credit bureaus," causing Plaintiffs to be denied a loan that they needed to purchase a new property so they could move out of a mobile home financed by Shellpoint.  Plaintiffs seek damages in the amount of $350,00 associated with the loan denial and $250,000 for damages to Sheila Anaya's health stemming from Shellpoint's actions.  They also seek three years to move out of the mobile home.

After Shellpoint removed the action to the District of Kansas, it moved for dismissal under Rule 12(b)(6).  Discovery has been stayed pending this Court's ruling on Shellpoint's motion.[13]

---

[11] *Id.*

[12] *Salary v. United States*, 575 App'x 826, 826 (10th Cir. 2014).

[13] Doc. 15.

### III.    Discussion

Under Rule 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[14]  These pleading standards are designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[15]  To comply with Rule 8(a), a plaintiff's complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[16]

Shellpoint argues that Plaintiffs' complaint does not identify any cause of action or specify the conduct attributable to Shellpoint that creates liability and thus must be dismissed for failure to state a claim upon which relief can be granted.  In response, Plaintiffs attach copies of letters from Sheila's doctor about her diagnosis; a form from the bankruptcy court explaining what a Chapter 7 discharge means; letters and documents from their bank first approving, then denying a loan application; and copies of credit reflecting delinquency amounts.[17]  Plaintiffs further allege that Shellpoint took steps to repair the credit that they destroyed and that Shirley's mental health has greatly suffered as a result of Shellpoint's actions.  The Court finds, however, that these allegations and documents are not enough to meet the requirements of Rule 8(a), leaving both the Court and Shellpoint to guess at what claims or theories of recovery they are attempting to assert and the grounds on which they allege Shellpoint is liable.

---

[14] Fed. R. Civ. P. 8(a).

[15] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[17] Doc. 17.

To the extent Plaintiffs allege that Shellpoint violated the discharge injunction under 11 United States Bankruptcy Code § 524, such a claim is properly before the bankruptcy court.[18] There is no private right of action for violation of the discharge injunction; the matter should be brought as a motion for contempt in the main bankruptcy case, where 11 U.S.C. § 105 empowers bankruptcy courts to enter civil contempt orders against a creditor who violates the discharge injunction.[19]  Thus, Plaintiffs fail to allege that this Court has jurisdiction over any such claim.

To the extent Plaintiffs attempt to assert a claim for violation of the Fair Credit Reporting Act ("FCRA"), the complaint fails to allege sufficient facts to support such a claim.  As Shellpoint notes, while 15 U.S.C. § 1681s-2(a) obligates furnishers of credit information "to provide accurate information to CRAs [credit reporting agencies], Congress did not create a private right of action for violation of this provision."[20]  Under the FCRA, "a furnisher of credit information has a duty to investigate a dispute only after receiving notice from a CRA—not merely notice from a consumer," and can be liable for failing "to reasonably investigate the validity and accuracy of the debt when notified by the CRAs" of the plaintiff's dispute.[21] However, Plaintiffs do not allege that they disputed the accuracy of any information furnished by Shellpoint to a CRA; that a CRA notified Shellpoint of Plaintiffs' dispute; and that Shellpoint failed to investigate, correct any inaccuracy, or notify the CRA of the results of the investigation. Thus, Plaintiffs' allegations that Shellpoint furnished false or inaccurate information to the CRAs

---

[18] *See* 11 U.S.C. § 524(a)(2) (providing that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived").

[19] *In re Gray*, 586 B.R. 347, 351, n.19 (Bankr. D. Kan. 2018).  A party seeking contempt sanctions for violation of the discharge injunction has the burden of proving, by clear and convincing evidence, that the defendant (1) knew the discharge injunction was applicable and (2) intended the actions that violated the injunction.  *Id.* at 353.

[20] *Wenner v. Bank of Am., N.A.*, 637 F. Supp. 2d 944, 951 (D. Kan. 2009) (internal citation omitted).

[21] *Id.* at 952.

are not enough to support a plausible claim under the FCRA.[22]   Thus, Plaintiffs' complaint is subject to dismissal in its current state.

A *pro se* litigant is generally entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.[23]   Leave need not be granted if amendment would be futile.[24]   Because of the nature of their allegations, the Court will grant Plaintiffs an opportunity to amend to remedy the defects in their pleading to specify what actions Shellpoint has taken; when those actions occurred; how those actions harmed Plaintiffs; and, most importantly here, what particular rights Plaintiffs believe Shellpoint violated, including any rights under the FCRA.   Generalized and conclusory statements are not sufficient to state a claim for relief.[25]

Plaintiffs must file any amended complaint within twenty-one days of entry of this Order. Failure to file an amended complaint within that time will result in final dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Shellpoint's Motion to Dismiss (Doc. 11) is **granted without prejudice to amend within twenty-one days of entry of this Order**.   Failure to file an amended complaint within that time will result in final dismissal of this action without further notice.

**IT IS SO ORDERED.**

---

[22] *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750–51 (10th Cir. 2009) (affirming district court's dismissal of FCRA claim for failure to allege a CRA notified the furnisher of information that its information was in dispute).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[25] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dated: September 19, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE